**In re Ronald WILLIAMS, Debtor.**

**La Jolla Realty Advisors & Coldwell Bank, Appellant.**

v.

**Ronald Williams; Palo Alto & Country Village, Inc., Appellee.**

No. 99–56882.
BAP No. SC–99–1022–PRyMa.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided May 22, 2001.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM *

■ We affirm the bankruptcy court's grant of summary judgment to the debtors for the reasons set forth in the opinion of the Bankruptcy Appellate Panel ("BAP"). Paragraph G of the letter of intent between the debtors and Starwood Capital Group, LLC ("Starwood") satisfied California's Statute of Frauds. Under California law, when the only writing evidencing a commission is contained in a sale agreement between the seller and buyer, to which the broker is not a party, the commission is contingent upon the completion of that particular sale. *Lawrence Block Co. v. Palston,* 123 Cal.App.2d 300, 306, 266 P.2d 856 (1954).

■ In some instances, a broker may be able to recover even when the specific sale

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

is not consummated, *if* the seller is the sole cause of the loss of the sale. *See Collins v. Vickter Manor, Inc.,* 47 Cal.2d 875, 881, 306 P.2d 783 (1957); *Coulter v. Howard,* 203 Cal. 17, 23–25, 262 P. 751 (1927). In this case, the sale to Starwood was expressly contingent on an overbid process and bankruptcy court approval. Even though the debtors ultimately settled with another buyer, the brokers cannot bear their burden of proving the sale to Starwood would have closed but for the debtors' actions.

■ The brokers' reliance on the doctrine of equitable estoppel is misplaced, since equitable estoppel is used to defeat a Statute of Frauds defense. *In re Eastview Estates II,* 713 F.2d 443, 450 (9th Cir.1983). In this case, both the bankruptcy court and BAP found that the Starwood letter satisfied the Statute of Frauds. In any event, although the brokers contend the debtors committed fraud by assuring them their commission was protected, "[b]rokers are presumed to know the requirements of the Statute of Frauds and thus cannot be said to justifiably rely on oral promises." *Id.* at 451.

AFFIRMED.